The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
You have requested an official Attorney General opinion in response to the following question:
 Can the City of Alexander operate its city courts without having an operational municipal police department?
It is my opinion the City of Alexander can operate its city courts without having an operational municipal police department.
As an initial matter, I must note two presumptions upon which the following discussion is based. First, I presume that your reference to "city courts" is a reference to the "city courts" (also known as "mayor's courts") that are recognized in A.C.A. § 16-88-101 (giving "city courts" exclusive jurisdiction over infractions of city ordinances), as opposed to "municipal courts." Second, I presume that your concern regarding this matter is based upon the supposition that without an operational police department, there would be no means of apprehending violators and summoning them before the city court. However, it is my opinion that this is not the case.
In cities of the second class, such as Alexander, the power to enforce the city's ordinances is granted to both the mayor and to the city marshal. Moreover, the city councils of cities of the second class have the authority to enact ordinances providing for the enforcement of city ordinances. Accordingly, the means exist — apart from a police department — to apprehend violators and to summon them before the city court.
In authorizing the mayor to enforce the city's ordinances, A.C.A. § 14-44-108 states in pertinent part:
 (a) The mayor of a city of the second class shall have, within the limits of the city, all the jurisdiction and power of a justice of the peace in all civil or criminal matters arising under the laws of this state, to all intents and purposes. For crimes and offenses committed within the limits of the city, the mayor's jurisdiction shall be coextensive with the county.
* * *
 (d)(1) The mayor shall have exclusive jurisdiction of all prosecutions for violation of any ordinances of the city;
 (2) He may award and issue any process or writs that may be necessary to enforce the administration of justice throughout the city, and for the lawful exercise of his jurisdiction, according to the usages and principles of law;
A.C.A. § 14-44-108(a)(d).
All cities of the second class are required by law to elect or appoint a city marshal [or to have a police department (A.C.A. § 14-52-103)]. See
A.C.A. § 14-44-109, -111. In granting city marshals law enforcement responsibility and authority, A.C.A. § 14-44-113 states:
 (a) The marshal of cities of the second class shall execute and return all writs and process directed to him by the mayor. In criminal cases or cases of a violation of the city ordinance, he may serve them in any part of the county.
(b) It shall be the marshal's duty to:
(1) Suppress all riots and disturbances and breaches of the peace;
(2) Apprehend all disorderly persons in the city;
 (3) Pursue and arrest any person fleeing from justice in any part of the state; and
 (4) Apprehend any person in the act of committing any offense against the laws of the state or ordinances of the city and forthwith to bring such persons before the mayor, or other competent authority, for examination or trial.
 (c) The marshal shall have power to appoint one (1) or more deputies, for whose official acts he shall be responsible.
 (d) In the discharge of his proper duties, the marshal shall have like powers, be subject to like responsibilities, and receive the like fees as sheriffs and constables in similar cases.
A.C.A. § 14-44-113.
In addition to the foregoing statutes' provision for the enforcement of city ordinances, city councils are empowered to enact ordinances that provide means for the enforcement of city ordinances. See A.C.A. §§14-55-501, -502, and -601. Thus, a city council can enact ordinances that provide for means other than a police department for apprehending violators.
Because the foregoing statutes provide means other than a police department by which violators of city ordinances can be apprehended and brought before the city court, I must conclude that a city such as Alexander can operate its city courts, even in the absence of an operational police department.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh